COLORADO PLASTERERS' PENSION FUND; Colorado Plasterers' Vacation Fund; Colorado Statewide Plasterers' Joint Apprenticeship and Training Committee Trust Fund; and Plasterers' Local Union No. 32, Plaintiffs,

v.

PLASTERERS' UNLIMITED, INC., a Colorado corporation, Defendant.

Civ. A. No. 86–K–1032.

United States District Court, D. Colorado.

March 13, 1987.

Ellen M. Kelman, Brauer & Buescher, Denver, Colo., for plaintiffs.

Robert R. Miller, Stettner, Miller & Cohn, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

This is an action brought under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.*, to enforce a collective bargaining agreement. Jurisdiction lies under 29 U.S.C. § 185, 29 U.S.C. § 1132, and 28 U.S.C. § 1337. The case is before me on plaintiffs' motion for summary judgment.

## STANDARDS OF DECISION

In ruling on a motion for summary judgment, I am continually mindful of the appropriate standards of decision. Summary judgment is appropriate only if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). The substantive law identifies which facts are material. "Only disputes over facts that might affect the outcome of

the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby,* — U.S. ——, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The burden is on the moving party to show the absence of a genuine issue of material fact. Further, pleadings must be viewed in the light most favorable to the party opposing the motion for summary judgment. *Rea v. Wichita Mortg. Corp.,* 747 F.2d 567, 575 (10th Cir.1984).

## BACKGROUND

Plaintiff union and defendant employer are signatories to a collective bargaining agreement which allegedly obligates defendant to make contributions to plaintiff trusts for the benefit of defendant's employees. The agreement was negotiated by Larry Tobin who was the union's business manager. The agreed terms were memorialized in a typewritten document which the union subsequently approved. Tobin took this typewritten agreement to the printer so it could be reprinted in booklet form. Thereafter, Tobin was removed from office and replaced by Richard Nisley, a union representative. Tobin became the president of defendant Plasterers' Unlimited, Inc.

From this point on, the facts are highly disputed. Defendant claims Nisley retrieved the typewritten agreement from the printer and made material changes in its contents. *See* Stipulated Pre-Trial Order at 6; Defendant's Response to Plaintiffs' Motion for Summary Judgment at 2–3. Defendant then asserts Tobin signed the printed booklet at a July 1, 1985 union membership meeting, believing the contract he signed was merely the printed version of the typewritten copy he had personally submitted to the printer.[1] *See* Defendant's Response to Plaintiffs' Motion for Summary Judgment at 4; Affidavit of Larry Tobin.

Plaintiffs, on the other hand, deny Nisley made any changes in the contract without

---

1. Defendant acknowledges Nisley informed Tobin of a mathematical error in the agreement, but this error was allegedly corrected by Nisley before the agreement was printed. *See* Defendant's Response to Plaintiffs' Motion for Summary Judgment at 4. Plaintiffs do not dispute this point. *See* Affidavit of Richard Nisley.

Tobin's knowledge. *See* Richard Nisley Affidavit. Plaintiffs allege defendant breached the collective bargaining agreement by failing to make payments and failing to make timely payments within the terms of the executed agreement.

### DECISION

One of defendant's affirmative defenses to the complaint vaguely pleads the collective bargaining agreement was "fraudulently obtained." *See* Answer at 3. In their motion for summary judgment, plaintiffs contend this language raises the defense of fraud in the inducement. As such, plaintiffs further contend the defense of fraud in the inducement is not a defense to an action for contributions under section 515 of ERISA, as amended, 29 U.S.C. § 1145. *See* Brief in Support of Motion for Summary Judgment at 4; *see also Southwest Administrators, Inc. v. Rozay's Transfer*, 791 F.2d 769 (9th Cir.1986), *cert. denied*, — U.S. —, 107 S.Ct. 951, 93 L.Ed.2d 999 (1987). However, plaintiffs also argue the facts cannot support the defense of fraud in the execution. *See* Brief in Support of Motion for Summary Judgment at 3. The stipulated pre-trial order indicates defendant believes "Mr. Tobin was *fraudulently induced* to sign this agreement and that the *execution* of the agreement was tainted by the fraudulent representations of Richard Nisley." *See* Stipulated Pre-Trial Order at 6 (emphasis added). The briefs and pleadings before me reveal the parties are confused about whether the affirmative defense of fraud in the inducement or fraud in the execution has been raised.

■ For the reasons that follow, I find defendant has raised the affirmative defense of fraud in the execution. In an action for contributions under section 515 of ERISA, fraud in the execution is available as a defense against both the trusts and the union. *Accord Southwest Administrators*, 791 F.2d at 774 (fraud in the execution is available as a defense when determining the rights obtained by a third party to an agreement); *Operating Engineers Pension Trust v. Gilliam*, 737 F.2d

1501, 1504–05 (9th Cir.1984) (fraud in the execution is an available defense under ERISA); *see also Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 86–88, 102 S.Ct. 851, 861–62, 70 L.Ed.2d 833 (1982) ("legislators did not say that employers should be prevented from raising all defenses; rather they spoke in terms of 'unrelated' and 'extraneous' defenses"). In light of this holding, I need not decide whether defendant may invoke the defense of fraud in the inducement.

■ Fraud in the inducement consists of inducing one by some fraudulent representation or pretense to execute the very contract intended to be executed. An agreement based on such an inducement is voidable. *Colorado Inv. Loan Co. v. Beuchat*, 48 Colo. 494, 111 P. 61, 64 (1910); *see Southwest Administrators*, 791 F.2d at 774; *see also* 12 *Williston on Contracts* § 1488 at 332 (3d ed. 1970). Fraud in the inducement has three requirements: first, the misrepresentation must have been either fraudulent or material; second, the misrepresentation must have induced the recipient to make the contract; third, the recipient must have been justified in relying on the misrepresentation. *See* Restatement (Second) of Contracts § 164 (1981). If each of these three elements is met, the contract is voidable.

■ Fraud in the execution, on the other hand, occurs if a "misrepresentation as to the character or essential terms of a proposed contract induces conduct that appears to be a manifestation of assent by one who neither knows nor has reasonable opportunity to know of the character or essential terms of the proposed contract." Restatement (Second) of Contracts § 163 (1981). If the elements of the defense of fraud in the execution are met, the contract in question is not merely voidable, it is void *ab initio*. *Id.*

The Colorado Court of Appeals discussed the defense of fraud in the execution in *Meyers v. Johanningmeier*, 11 *Brief Times Reporter* 122 (Feb. 6, 1987). The court stated fraud in the execution "is

fraud exercised in reference to the acts of signing and delivering an instrument, sometimes by a deceptive substitution of documents causing someone to sign an instrument without knowing the consequences of his act." *Id.* This same general principle has also been codified in Colo. Rev.Stat. § 4–3–305 (Official Comment 7) (1973). Although this statutory enactment refers to fraud in the execution in the commercial paper context, other circuits have applied this same principle to the execution of collective bargaining agreements. *See, e.g., Southwest Administrators,* 791 F.2d at 774 (9th Cir.1986) (citing Uniform Commercial Code § 3–305(2)(c) and Restatement (Second) of Contracts § 163 (1981)).

Restatement (Second) Contracts § 163 Illustration 2 (1981) sets forth an example of a situation which supports the defense of fraud in the execution. This illustration reads:

> A and B reach an understanding that they will execute a written contract containing terms on which they have agreed. It is properly prepared and is read by B, but A substitutes a writing containing essential terms that are different from those agreed upon and thereby induces B to sign it in the belief that it is the one he has read. B's apparent manifestation of assent is not effective.

This illustration portrays a scenario identical to the facts alleged by defendant. Therefore, I hold defendant's affirmative defense which has been raised is fraud in the execution. I further hold fraud in the execution is an available defense to an action for contributions under section 515 of ERISA.

As my enumeration of the facts of this case demonstrates, genuine issues of material fact make it impossible to ascertain whether all elements of the defense of fraud in the execution are satisfied. Therefore, plaintiffs' motion for summary judgment must be denied.

Accordingly,

IT IS ORDERED that plaintiffs' motion for summary judgment is denied.